IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:24-cr-00009 |
| v. ) | |
| ) | |
| BAYRON WUIFREDO SANTOS-RECARTE ) | Judge Holmes |
| a/k/a "Flaco" ) | |

## UNITED STATES' MOTION
## FOR PRETRIAL DETENTION AND MEMORANDUM IN SUPPORT

The United States of America, by and through its attorneys, Thomas J. Jaworski, Attorney for the United States for the Middle District of Tennessee,[1] Ahmed A. Safeeullah and Brooke Farzad, Assistant United States Attorneys, David L. Jaffe, Chief of the Department of Justice Violent Crime and Racketeering Section, and Matthew K. Hoff, Trial Attorney, respectfully files this memorandum in support of pre-trial detention. The United States anticipates advising the Court at Defendant Bayron Wuifredo Santos-Recarte's initial appearance in the Middle District of Tennessee, that it intends to request that he be held in pretrial custody because he is unlikely to appear for future court appearances and he constitutes a danger to the community, pursuant to Title 18, United States Code, Section 3142(f)(1)(A). The United States seeks his continued detention pending trial in this matter and requests three days to prepare for a detention hearing.

I. **PROCEDURAL BACKGROUND**

On January 8, 2024, a federal Grand Jury returned a two-count indictment charging Defendant Santos-Recarte with offenses related to his physical assault of Individual A, a witness at a federal trial in the Middle District of Tennessee. (DE# 1). Specifically, Defendant Santos-Recarte was charged in Count One with Conspiracy to Retaliate Against a Federal Witness, in

---

[1] Acting under Authority Conferred by 28 U.S.C. § 515.

1

violation of title 18, United States Code, Section 1513(f); and Count Two with Retaliation Against a Federal Witness, in violation of Title 18, United States Code, Sections 1513(b)(1), 1513(c), and 2. (*Id.*). The Court issued a warrant for Defendant Santos-Recarte's arrest. (DE# 5).

On February 28, 2024, agents arrested Defendant Santos-Recarte and transported him to a local detention facility where he also has pending state charges. The following day, the Court issued a writ directing law enforcement to produce Defendant Santos-Recarte in federal court for proceedings related to his federal case. (DE# 9). It is anticipated that agents will produce him on March 1, 2024.

## II. LEGAL PRINCIPLES GOVERNING REQUESTS FOR DETENTION AND FACTORS JUSTIFYING DETENTION

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *Stone*, 608 F.3d at 945. When "risk of flight" is the basis for detention, however, the government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*,

2

760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

### III. FACTUAL PROFFER OF THE EVIDENCE SUPPORTING THE CHARGE AGAINST DEFENDANT[2]

In the spring of 2023, several members of La Mara Salvatrucha, also known as MS-13, proceeded to trial on a 60-count Second Superseding Indictment. (MD/TN Case No. 3:18-cr-00293). This Indictment alleged a RICO Conspiracy, a drug conspiracy, numerous murders, attempted murders, witness tampering, destruction of evidence, firearms possession, and drug distribution. (*Id.*) During the trial, Individual A and dozens of other individuals testified. At the conclusion of the trial, the trial defendants were convicted on all counts.

Following the conclusion of the trial, Defendant Santos-Recarte and others planned to assault, injure, and kill witnesses who testified at the trial, including Individual A. On or about November 5, 2023, Defendant Santos-Recarte and approximately four of his co-conspirators confronted Individual A in Antioch, Tennessee, about his trial testimony. They grabbed Individual A and forced him into a truck at gun point. Once in the truck, Defendant Santos-Recarte and his co-conspirators tied Individual A's hands. They held him in the truck for hours, interrogated him about his trial testimony, and assaulted him.

Eventually, Individual A was able to escape from his captures, but he sustained significant physical injuries. He suffered a fractured right wrist, a hemothorax on the left side (accumulation of blood between the chest wall and the lungs), a minor kidney injury, and abrasions to his face, neck, and hands. He was treated for his injuries at a Nashville hospital. Agents subsequently discovered and seized evidence establishing Defendant Santos-Recarte's involvement in

---

[2] "[C]onducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court." *Stone*, 608 F.3d at 949-50 (citation omitted); *see also United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("Every circuit to have considered the matter . . . [has] permitted the Government to proceed by way of proffer.") (citing cases).

Individual A's assault.

On January 8, 2024, a federal Grand Jury returned a two-count indictment charging Defendant Santos-Recarte with offenses related to his physical assault on Individual A. As noted above, he was charged with Conspiracy to Retaliate Against a Federal Witness and Retaliation Against a Federal Witness. Before agents could locate and execute the arrest warrant for these charges, Defendant Santos-Recarte kidnapped and assaulted another person. On February 14, 2024, he and another person entered someone's home at gunpoint, forcibly removed them from the residence, and placed them in the trunk of a car. Defendant Santos-Recarte and his accomplice threatened to kill the victim. The victim ultimately escaped from the trunk by pulling a lever to open the trunk before jumping from the moving car. The victim then ran to a nearby gas station for help.

On February 28, 2024, agents located Defendant Santos-Recarte at a residence in Nashville, Tennessee. Agents saw Defendant Santos-Recarte get into a car with another male. Officers activated their emergency equipment in an attempt to arrest Defendant Santos-Recarte, but he fled in the car. Agents deployed strips to stop the car, but Defendant Santos-Recarte continued driving on the car's rims. He then ran from Agents on foot and jumped in a garbage dumpster. Agents were ultimately able to arrest him. Agents also looked inside of his car and saw an assault rifle, a pellet gun, a holster, gloves, and various other items in plain view.

Agents spoke with law enforcement officers with Metropolitan-Nashville Police Department and the Department of Homeland Security Investigations (HSI). Defendant Santos-Recarte has a pending warrant from the Davidson County General Sessions Court for the kidnapping and assault that took place on or around February 14, 2024. In addition, he has a detainer from HSI because he is not lawfully in the United States.

## IV. THIS COURT SHOULD DETAIN THE DEFENDANT AS A DANGER TO THE COMMUNITY AND A FLIGHT RISK

The defendant should be detained pending trial to ensure the safety of the community and his appearance at future proceedings as required.

### A. The Defendant is Charged with Serious Offenses

The nature and circumstances of the offenses charged in this case militate strongly in favor of detention. The defendant has been charged with: (1) conspiring to assault and cause bodily injury to Individual A for the purpose of retaliating against Individual A for his testimony at a federal trial in the Middle District of Tennessee; and (2) assaulting and causing bodily injury to Individual A as retaliation against Individual A for his testimony at a federal trial in the Middle District of Tennessee. Defendant Santos-Recarte faces up to 40 years' imprisonment for his crimes of violence. Thus, this factor weighs against his release.

### B. The Evidence of the Defendants' Dangerousness[3]

In addition to the pending crime of violence, Defendant Santos-Recarte is alleged to have committed another violent crime before agents could arrest him. When agents arrested him, they had to go through extensive methods to detain him. Furthermore, officers looked in his car and noticed a rifle, pellet gun, gloves and various other items. In addition to these recent acts of violence, Defendant Santos-Recarte has previously engaged in acts of violence. In September 2020, he violated an order of protection. He was convicted of this offense. He was also convicted of domestic assault. Thus, this factor thus weighs against his release.

---

[3] "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948 (citation omitted).

5

### C. The Defendant is Unlikely to Appear for Future Proceedings as Required

Defendant Santos-Recarte has a pending local case in Davidson County General Sessions Court for evading arrest from an incident that occurred on November 21, 2023. In addition, when agents attempted to arrest him on the warrant related to the pending federal indictment, Santos-Recarte first evaded arrest in a car and then evaded arrest on foot. After a brief scuffle with agents, he was arrested. Furthermore, Defendant Santos-Recarte evaded detection at the United States' border and is in the United States illegally. HSI has also issued a detainer seeking custody of Defendant Santos-Recarte when he is released so they can process him for deportation from the United States. Lastly, Defendant Santos-Recarte faces up to 40 years' imprisonment for his conduct in this case. Based on these facts, it is unlikely that he will appear for future court proceedings as required by the Court if he is released from federal custody.

### CONCLUSION

For the foregoing reasons, as well as any reasons which may be set forth at a hearing on this motion, the United States respectfully submits that there exists no condition or combination of conditions which would assure the appearance of Defendant Santos-Recarte as required or the safety of the community. Accordingly, the United States requests that the Court order Defendant Santos-Recarte detained pending trial and grants the United States a three-day continuance to prepare for the detention hearing.

Respectfully submitted,

THOMAS J. JAWORSKI
Attorney for the United States
Acting under Authority Conferred
By 28 U.S.C. § 515

BY: *s/ Ahmed A. Safeeullah and Brooke Farzad*
Ahmed A. Safeeullah and Brooke Farzad
Assistant U.S. Attorneys
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: 615-736-5151

DAVID L. JAFFE
Chief, Violent Crime and Racketeering Section

By: */s/ Matthew Hoff*
Matthew Hoff
Trial Attorney
1301 New York Avenue, NW, Suite 700
Washington, D.C. 20005
Telephone: 202-598-8093

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing United States' Motion for Detention was served via the U.S. District Court's ECF on March 1, 2024, to counsel for the defendant.

                                        *s/ Ahmed Safeeullah*
                                        Ahmed Safeeullah
                                        Assistant United States Attorney