UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:24-cr-00009 |
| ) | JUDGE RICHARDSON |
| BAYRON WUIFREDO SANTOS-RECARTE ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, Bayron Wuifredo Santos-Recarte, respectfully represent to the Court as follows:

(1) My true full name is Bayron Wuifredo Santos-Recarte. I was born on November 27, 1997. I am 27 years old and completed six years of formal education.

(2) My lawyer is Paul Bruno.

(3) I have received a copy of the Superseding Indictment before being called upon to plead, have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the Superseding Indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Superseding Indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offenses with which I am charged and to which I am pleading guilty are as follows:

    Count 1.                Conspiracy To Retaliate Against A Federal Witness
    Possible Sentence:    Life imprisonment
    Possible Fine:         $250,000.00
    Possible Term of Supervised Release: Not more than 5 years
    Special Assessment: $100.00

    Counts 2.              Retaliation Against A Federal Witness
    Possible Sentence:    Life imprisonment
    Possible Fine:         $250,000.00
    Possible Term of Supervised Release: Not more than 3 years
    Special Assessment: $100.00

Counts 3.   Conspiracy To Commit Kidnapping
Possible Sentence:   Life imprisonment
Possible Fine:   $250,000.00
Possible Term of Supervised Release:  Not more than 5 years
Special Assessment:   $100.00

Counts 4.   Kidnapping
Possible Sentence:   Life imprisonment
Possible Fine:   $250,000.00
Possible Term of Supervised Release:  Not more than 5 years
Special Assessment:   $100.00

Counts 5.   Possession Of A Firearm By An Illegal Alien
Possible Sentence:   Not more than 15 years
Possible Fine:   $250,000.00
Possible Term of Supervised Release:  Not more than 3 years
Special Assessment:   $100.00

There is also a forfeiture allegation.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. §3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that, under 18 U.S.C. §3561(a), I am not eligible for a sentence of probation if I receive any sentence of imprisonment at the same time on this offense or any other offense, or am convicted of a Class A or Class B felony, or the offense is one for which probation is expressly prohibited. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law, that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) if I am presently on probation, parole, or supervised release, whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) if I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988. I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead guilty just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me, subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea, they are fully set forth in paragraph (12) below. I understand that even with a plea agreement, no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C), I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B), I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau or Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequences of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

I agree to plead guilty to the Superseding Indictment.

(13) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also, my lawyer has explained to me, and I feel and believe I understand this petition.

(14) I am not under the influence of either drugs or alcohol.

(15) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(16) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me this the 20th day of December, 2024.

_____
Bayron Wuifredo Santos-Recarte, Defendant

### ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement are accurately stated above.

_____
Ahmed A. Safeeullah, Attorney for the Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for Bayron Wuifredo Santos-Recarte, hereby certifies as follows:

(1) I have read and fully explained to Bayron Wuifredo Santos-Recarte all of the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;

(3) In my opinion, the plea of "GUILTY" as offered by Bayron Wuifredo Santos-Recarte in paragraph (12) of the foregoing petition, is voluntarily and understandingly made, and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me this 20th day of December, 2024.

_Paul Bruno_
Paul Bruno
Attorney for Bayron Wuifredo Santos-Recarte

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 3:24-CR-00009 |
| | ) JUDGE RICHARDSON |
| BAYRON WUIFREDO SANTOS-RECARTE | ) |

**ORDER**

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is **ORDERED** that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 20th day of December, 2024.

_____
**JUDGE RICHARDSON**
**UNITED STATES DISTRICT COURT**